UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-0342 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

    Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits (DIB). Plaintiff contends the ALJ: (1) erred at step two, (2) improperly evaluated her symptom testimony, (3) failed to further develop the record, and (4) erred at step four. Dkt. 31. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    Plaintiff, proceeding *pro se*, is 53 years old, has at least a high school education, and has worked as a conference planner. Admin. Record (AR) 29–30. In December 2019, Plaintiff applied for benefits, alleging disability as of December 1, 2014. AR 65–66, 77–78. Plaintiff's application was denied initially and on reconsideration. AR 75, 85–86. After the ALJ conducted a hearing in October 2021, the ALJ issued a decision finding Plaintiff was capable of performing

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

her past relevant work, as well as other jobs that existed in significant numbers in the national economy.  AR 29–31, 41–64.  Thus, the ALJ concluded Plaintiff was not disabled from her alleged onset date through her date last insured of December 31, 2019.  AR 31.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.      Step Two**

Plaintiff contends the ALJ erred at step two by finding she had no severe mental impairments.  *See* Dkt. 31 at 4–8.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities.  *See Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 404.1520(a)(4)(ii).  A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1521.  The claimant retains the burden of proof at step two.  *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  Absence of objective medical evidence may justify an adverse step two determination.  *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th

Cir. 2005).

Here, the ALJ determined neither Plaintiff's anxiety nor depression were severe because they caused no "more than mild limitations" in the following four broad functional areas, also known as the "paragraph B" criteria: (1) understanding, remembering or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining page, and (4) adapting or managing oneself. AR 24–25; 20 C.F.R. § 404.1520a. The ALJ explained Plaintiff did not allege any limitations in the first three areas in her applications or during the hearing. *See* AR 24–25, 41–64, 252–53. The ALJ acknowledged there are records of Plaintiff reporting depression and anxiety, but noted they were undermined by medical opinions showing she had no mental limitations. *See* AR 25, 72, 83, 322, 345. The ALJ also noted Plaintiff's record lacked probative mental health treatment notes. AR 25. Plaintiff's record instead includes treatment notes explicitly stating Plaintiff had no depression or anxiety or showing she had normal psychiatric findings in general. *See* AR 72–72, 83, 341, 348, 614. The burden falls on Plaintiff to show her anxiety and depression were so severe that "they would significantly limit [her] ability to perform basic work activities," but none are present here. *See Smolen*, 80 F.3d at 1289–90. Because Plaintiff has failed to meet her burden, and because the ALJ's finding is supported by substantial evidence, the Court finds the ALJ did not err at step two.

### 2. Plaintiff's Symptom Testimony

Plaintiff testified she is unable to work due to "debilitating" pain in her arms and wrists. AR 50–51. She explained it is hard for her to hold a pen, cellphone, write, open things, or do anything requiring grabbing something between her fingers. AR 51. She testified to attending physical therapy, but found they did not make enough of difference in her condition. AR 52.

Where, as here, an ALJ determines a claimant has presented objective medical evidence

establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

      The ALJ first rejected Plaintiff's testimony based on her treatment records. AR 27. This is a valid reason to discount a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability). The records the ALJ cited show that though there were some occasions where Plaintiff reported feeling sore and tight, she repeatedly found therapy helpful and reported improvement, allowing her to participate in functional activities. *See* AR 315, 441–44, 448–544. Plaintiff's continued reports of improvement from therapy undermine her statements, therefore the ALJ reasonably found Plaintiff's testimony inconsistent with her treatment records.

      The ALJ also rejected Plaintiff's testimony based on its inconsistency with objective medical evidence. AR 27. When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed to an electrodiagnostic study showing that Plaintiff's wrist and elbow condition was "mild," and that there was "no evidence" of denervation in her upper extremity muscles. AR 626–27, 641. Other neurological testing and physical examination of her wrists show her range of motion was within normal limits with

mostly full strength, though with some tenderness. AR 436–37, 445–46, 633. These generally mild and normal examination results undermine Plaintiff's testimony about the severity of her symptoms, therefore in rejecting Plaintiff's testimony based on objective medical evidence, the ALJ did not err.

Finally, the ALJ rejected Plaintiff's testimony based on her ability to travel for work and vacation. AR 28. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). But there is nothing in the record showing, and the ALJ does not explain, how Plaintiff's ability to travel for work or vacation necessarily shows Plaintiff's alleged symptoms and limitations "may have been overstated." AR 28. The records do not indicate whether Plaintiff engaged in activities that would reasonably detract from her statements about impairments during her travels. In rejecting Plaintiff's testimony for this reason, the ALJ erred. However, because the ALJ provided at least one valid reason to reject Plaintiff's testimony, and that reason is supported by substantial evidence, the ALJ's error is deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 3.     Duty to Develop the Record

In evaluating Plaintiff's symptom testimony, the ALJ referred to a nerve conduction study. AR 27. Plaintiff argues the study is "essential to properly completing the record," but the ALJ "did not obtain the study or summarize its results," thus neglecting his duty to complete the record. Dkt. 31 at 9–10.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). In this case, however, Plaintiff incorrectly states the ALJ did not obtain the results of the nerve conduction study. The ALJ included the study in the record and considered it. *See* AR 29. The study, as discussed in the previous section, shows Plaintiff's wrist and elbow condition was "mild" and there was "no evidence" of denervation in her upper extremity muscles. AR 626–67. The Court found this study, as well as other objective medical evidence the ALJ cited, validly supported the ALJ's decision to reject her testimony. Therefore, the Court rejects Plaintiff's argument the ALJ failed to develop the record with regard to her physical impairment.

Plaintiff also contends the ALJ should have ordered a psychological evaluation before determining she did not have a severe mental impairment at step two. Dkt. 31 at 10. The Court also rejects this argument. The available evidence the ALJ considered at step two were not ambiguous. As the ALJ pointed out, the records that mention Plaintiff's report of anxiety and depression coincided with Plaintiff's report of familial issues. *See* AR 345. Other records similarly show her anxiety was attributed to external stressors, while others explicitly state she had no depression or anxiety, or she had normal psychiatric findings in general. *See* AR 72–72, 83, 341, 348, 355, 614, 641. Further, as discussed above, Plaintiff did not allege any mental health symptoms in her initial application or during the hearing. *See* AR 252, 41–64. Given the lack of ambiguity in Plaintiff's record with regard to her mental health symptoms, the Court cannot say the ALJ's duty to further develop the record was triggered.

**4.     Step Four**

Plaintiff contends the ALJ erred by relying on an erroneous vocational expert (VE)

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

testimony.  Dkt. 31 at 10–11.

At step four in the evaluation process, the ALJ must determine whether or not a claimant's impairment(s) prevents the claimant from doing past relevant work.  *See* 20 C.F.R. § 404.1520(f).  "[A] claimant has the burden to prove that he cannot perform his past relevant work "either as actually performed or as generally performed in the national economy." *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).  An ALJ may rely either on "a properly completed vocational report" and "the claimant's own testimony" to determine whether the claimant can execute the duties of past relevant work as the claimant actually performed them.  *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).  As to what work a claimant can generally perform, the ALJ may consult the Dictionary of Occupation Titles (DOT).  *Stacy*, 825 F.3d at 569 (citing Social Security Ruling (SSR) 82-61).

During the hearing, Plaintiff testified she last worked in 2014 as a conference planner.  AR 49.  The VE classified this past work as "conference planner," DOT code "#169.117-022." AR 57.  After Plaintiff provided descriptions of her work, the VE confirmed this was the work she identified.  *See* AR 57–59.  The VE also testified that an individual with Plaintiff's residual functional capacity (RFC) could perform this work.  AR 60.  The ALJ incorporated the VE's testimony in finding at step four that Plaintiff could perform her past work.  AR 30.  Plaintiff argues the code the VE testified to was not published in the DOT, therefore the ALJ erred by accepting the VE's testimony.  Dkt. 31 at 10–11.

Although the burden on step four falls on the claimant, the ALJ is still required to determine whether there is a conflict between the VE's testimony and DOT.  *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016); *see also* SSR 00-4p ("the adjudicator has an

affirmative responsibility to ask about any possible conflict between" the VE testimony and the DOT). While the ALJ did ask the VE during the hearing if a conflicted existed between the VE's provided code (#169.117-022) and the DOT, (AR 60), "[t]he ALJ is not absolved of this duty [to reconcile conflicts] merely because the VE responds 'yes' . . . ." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 n.3 (9th Cir. 2017) (*quoting* Moore v. Colvin, 769 F.3d 987, 990 (8th Cir. 2014)). Had the ALJ independently looked into the code, the ALJ may have recognized that it was not published in the DOT. The ALJ's error, however, is harmless because the VE also testified that an individual with Plaintiff's RFC could perform Plaintiff's past work as actually performed. *See* AR 57–60. An ALJ need find only that a claimant can perform his or her past work as generally performed *or* as actually performed, thus the ALJ's reliance on a faulty DOT code in finding Plaintiff can perform past work as generally performed is harmless. *See Stacy*, 825 F.3d at 569 ("ALJs may use either the "actually performed test" *or* the "generally performed test" when evaluating a claimant's ability to perform past work.").

Moreover, at step five, the ALJ found Plaintiff could perform other jobs, besides her past work. Dkt. 37 at 13. During the hearing, the ALJ asked the VE whether an individual with Plaintiff's RFC could perform other jobs. AR 59–60. The VE testified to three other jobs that exist in the national economy. AR 60. The ALJ accepted the VE's testimony and incorporated it into her step five findings. AR 31. The Court found the ALJ properly assessed Plaintiff's symptom testimony, and Plaintiff made no challenges to the other evidence the ALJ considered in assessing her RFC. Therefore, the ALJ's RFC assessment is supported by substantial evidence. The ALJ's step five findings are also unchallenged by Plaintiff. Thus, even if the ALJ had erred in finding Plaintiff not disabled based on her ability to perform past work at step four, the error would be harmless because the ALJ's step five findings are supported by substantial

ORDER AFFIRMING AND DISMISSING
THE CASE - 8

evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008) (finding the ALJ's step four finding error harmless because "the ALJ properly concluded as an alternative at step five that [plaintiff] could perform [other] work in the national and regional economies").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE